## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

JOSE FELIX VASQUEZ,

      Petitioner,

v.                                                      Case No: 5:22-cv-517-WFJ-PRL

WARDEN, FCC COLEMAN − LOW,

      Respondent.

_____/

## ORDER

Before the Court is Petitioner Jose Felix Vasquez's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Dkt. 1, and Respondent's Motion to Dismiss the petition for failure to exhaust administrative remedies, Dkt. 6. Upon careful consideration, the Court grants Respondent's motion and dismisses the petition.

## BACKGROUND

In April 2022, the United States District Court for the Southern District of Florida sentenced Petitioner to 75 months' imprisonment followed by two years' supervised release for conspiracy to possess cocaine with intent to distribute while on board a vessel subject to the jurisdiction of the United States in violation 46 U.S.C. § 70506(b). *See* Judgment, *United States v. Vasquez*, No. 1:21-cr-20579-BB

(S.D. Fla. Apr. 22, 2022) (Dkt. 72). Petitioner is serving his prison sentence at the Federal Correctional Complex, United States Low, in Coleman, Florida. His projected release date based on good conduct time is February 27, 2027. Dkt. 6-1.

On October 23, 2022, Petitioner filed the instant § 2241 petition challenging the Bureau of Prison's ("BOP") calculation of his sentence. Dkt. 1. According to Petitioner, he is "entitled to a minimum of 690 days" of earned time credits under the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3632. *Id.* at 12. Petitioner concedes that he did not exhaust his administrative remedies within the BOP prior to filing his petition. *Id.* at 10. Nevertheless, Petitioner contends that exhaustion is futile because "(1) the automated BOP-wide system used to calculate FSA [earned time credits] cannot be changed by lower level staff and is a procedural dead-end; and (2) Petitioner . . . cannot timely complete the administrative remedy process without extending the length of his incarceration." *Id.* Respondent now moves to dismiss the petition for failure to exhaust administrative remedies. Dkt. 6.

## DISCUSSION

While exhaustion of administrative remedies is not considered jurisdictional in a § 2241 proceeding, courts may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). District courts follow a two-step process when determining whether to dismiss a § 2241 petition for failure to

exhaust administrative remedies. *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 854 (11th Cir. 2020) (citing *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008)). First, a court looks to the inmate's and the respondent's factual allegations. *Id.* at 856. If the parties' factual allegations conflict, the court accepts as true the inmate's version of the facts. *Id.* If the inmate's allegations establish his or her failure to exhaust administrative remedies, the court must dismiss the petition. *Id.*

Where an inmate's factual allegations do not support dismissal at the first step, the court proceeds to the second step of its analysis. *Id.* At the second step, the respondent bears the burden of establishing that the inmate failed to exhaust administrative remedies. *Id.* The court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* Upon making such findings, the court determines whether the inmate has exhausted his or her administrative remedies. *Id.* at 857.

Here, because Petitioner and Respondent's factual allegations do not conflict, the Court may resolve this matter at the first step of the above analysis. Both Petitioner and Respondent agree that Petitioner has not exhausted his administrative remedies. This is confirmed by a BOP administrative remedy report, which shows that Petitioner has not filed any administrative remedy requests while incarcerated. Dkt. 6-2; *see also* Dkt. 6-3 (declaration and certification of records). With no dispute that Petitioner has yet to exhaust his administrative remedies, his

petition is due to be dismissed.

However, Petitioner contends that his failure to exhaust administrative remedies should be excused because exhaustion is futile. Dkt. 1 at 10. Petitioner asserts that the BOP's system of awarding earned time credits is a "procedural dead-end" because it "cannot be changed by lower level staff[.]" *Id.* Petitioner further posits that adhering to the administrative remedy process would lengthen his term of incarceration, as he had "less than 53 months remaining in his sentence" at the time he filed the instant petition. *Id.*

While futility may generally be raised as an exception to the exhaustion requirement, "there are grounds for doubt that a futility exception is available in a § 2241 petition in this circuit." *Perez v. Joseph*, No. 3:22-cv-2055-MCR-HTC, 2020 WL 2181090, at *2 (N.D. Fla. May 4, 2022). Before the Eleventh Circuit determined that the exhaustion requirement is not jurisdictional in nature, *see Santiago-Lugo*, 785 F.3d at 475, the Eleventh Circuit held that there is no futility exception to exhaustion, *see McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012). Regardless, circuits that recognize the futility exception have limited its application to "extraordinary circumstances." *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citation omitted). It is ultimately the petitioner's burden to demonstrate the futility of administrative review. *Id.* (citation omitted).

To the extent that this circuit recognizes the futility exception to exhaustion, Petitioner has neither demonstrated futility nor identified any exceptional circumstances warranting the futility exception's application. To be sure, Petitioner's position that lower-level BOP staff are unable to change the BOP's system for calculation earned time credits does not render the administrative remedy process futile. Even if lower-level staff cannot correct errors in the calculation of an inmate's earned time credits, lower-level staff do not control every level of the BOP's administrative remedy process. Moreover, there is no merit to Petitioner's alternative assertion that following the administrative remedy process will lengthen his term of incarceration. Petitioner filed the instant petition over four years before his projected release date of February 27, 2027. He had, and still has, ample time to seek administrative review of his earned time credit calculations.

## CONCLUSION

For these reasons, Respondent's Motion to Dismiss, Dkt. 6, is **GRANTED**. Petitioner's § 2241 Petition, Dkt. 1, is dismissed without prejudice. The Clerk is directed to enter judgment in favor of Respondent and close this case.

**DONE AND ORDERED** at Tampa, Florida, on June 23, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**<u>COPIES FURNISHED TO:</u>**
Petitioner, *pro se*
Counsel of Record